IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULTRAFLO CORPORATION | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| PELICAN TANK PARTS, INC. and | § | |
| THOMAS JOSEPH MUELLER | § | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ultraflo Corporation ("Ultraflo") files this Original Complaint against Defendants Pelican Tank Parts, Inc. ("Pelican Tank") and Thomas Joseph Mueller ("Mueller") and in support thereof would show the following:

## I.
## Parties

1.    Ultraflo Corporation is a Delaware corporation duly authorized to do business under the laws of the State of Texas.   Ultraflo's principal place of business is in Missouri.

2.    Defendant Mueller is an individual residing in St. Genevieve, Missouri. Pursuant to FED. R. CIV. P. 4(h) and 4(e)(1), Defendant Mueller may be served through the Texas Secretary of State pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045, *et. seq.*  The Secretary of State is the agent for service on this non-resident

1

because he engaged in business in Texas, Mueller does not maintain a regular place of business in Texas, Mueller does not have a designated agent for service of process, and this lawsuit arises out of Mueller's business in Texas.   The Texas Secretary of State may forward the Summons and this Complaint to Mueller at his residence at 15301 Deer Run Lane, St. Genevieve, Missouri 63670.

3.      Defendant Pelican Tank Parts, Inc. is a Texas corporation with its principal place of business in Houston, Harris County, Texas that can be served through its registered agent, Garth Belue, 411 Oriole, Houston, Texas 77018.

## II.
## Jurisdiction and Venue

4.      This Court has jurisdiction over the Defendant Pelican Tank as it is a resident of Texas and the damages are within the jurisdictional limits of this Court. This Court has jurisdiction over Defendant Mueller because he has availed himself of the benefits of doing business in the State of Texas and is subject to the long-arm statute of the State of Texas.   Exercising jurisdiction over Mueller also comports with all notions of fair play and justice.   This Court has personal jurisdiction over the Defendants pursuant to 18 U.S.C. § 1965(a), (b) and (d), and its general equitable jurisdiction.

5.      Defendants have raised issues of federal copyright law and have asserted federal Copyright Act rights to assets that belong to Ultraflo.  As a result, Ultraflo

2

brings this suit for a declaratory judgment under Federal Rule of Civil Procedure 57, 28 U.S.C. §§ 2201, and § 1338 in that Defendants have claimed a copyright that does not belong to them under federal copyright law.

6.      Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants Pelican Tank Parts, Inc. resides or may be found in this District. Venue is also appropriate under 18 U.S.C. §1965(a) because Defendant Pelican Tank Parts, Inc. is located herein, and Defendant Mueller transacts business in this District. In addition, venue is proper pursuant to 28 U. S .C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### III.
### Background

7.      This is a suit by Ultraflo against its former employee Mueller and his current employer, on information and belief, Pelican Tank.  Mueller held a key position at Ultraflo and had access to Ultraflo's proprietary and confidential design drawings, including, but not limited to Ultraflo's design drawing of one of the series of Ultraflo's valve.  Mueller was intimately familiar with Ultraflo's trade secrets and confidential and proprietary information.  Pelican Tank is a competitor of Ultraflo who, upon information and belief, has hired Mueller as an employee, agent or

3

representative in an attempt to gain possession of Ultraflo's highly confidential design drawings and possibly other trade secrets.

8.     Soon after the termination of Mueller's employment with Ultraflo, Pelican Tank began selling a valve similar to Ultraflo's valve.  Tests of Pelican Tank's competing valve have shown that it matches Ultraflo's design drawings better than Ultraflo's own valve matches the design drawings.  Upon information and belief, Pelican Tank's competing valve is based on Ultraflo's confidential and proprietary design drawing.  By this suit, Ultraflo seeks injunctive relief as well as damages against both Defendants.

9.     After Ultraflo raised the issue with Mueller and Pelican Tank, Mueller filed certain papers with the Copyright Office claiming he owns the copyright on certain Bray valve drawings.  On information and belief, this was done for litigation posturing.  Regardless of the motive, Mueller claims a copyright interest in intellectual property and trade secrets that belong to Ultraflo and a justiciable controversy exists between the parties in need of resolution.  In the alternative, Mueller claims copyrights to design drawings that are not copyrightable, but that embody Bray's trade secrets that were stolen by Mueller.

10.     This dispute is the subject of a long procedural history.  First, Ultraflo filed suit in state court in Texas.  Defendants untimely removed the case to federal court

raising copyright issues for the first time. Upon Ultraflo's motion to remand, the Southern District of Texas remanded the case because of Defendants' untimely removal without determining whether the claims were preempted by the Copyright Act. In response, Defendants filed a Motion to Dismiss for lack of jurisdiction with the Texas state court and then filed their own request for declaratory Relief in the Eastern District of Texas.

11. Because of Defendants' new request for declaratory relief under the Copyright and a desire to avoid costly procedural fights on two fronts, Ultraflo did not respond to the Motion to Dismiss in the state court allowing that claim to be dismissed without prejudiced. On the eve of its extended deadline to respond to Mueller's Complaint in the Eastern District of Texas, Ultraflo asked if Mueller would be willing to agree to transfer venue back to the Southern District. Ultraflo was preparing its Motion to Transfer Venue, Answer and Counterclaim. Instead of responding to the request to move venue to the Southern District, Mueller withdrew his Complaint in the Eastern District forcing Ultraflo to file this new Complaint back in the Southern District of Texas.

12. As a result of the procedural maneuverings by Defendants, Ultraflo respectfully requests that Defendants be equitably estopped from raising any

defenses that may be available to them solely because of the procedural steps taken by them that has prolonged this litigation and increased its costs.

## IV.
## Causes of Action

A.    Conversion

13.    The conversion of Ultraflo's proprietary design drawings by Defendants acting in concert and separately have and will cause Ultraflo to suffer immediate and irreparable harm.   Although the extent of the loss cannot be accurately determined, it will be substantial.

B.    Unfair Competition and Misappropriation of Trade Secrets

14.    At all relevant times, Pelican Tank knew that Mueller had access to Ultraflo's trade secrets and proprietary and confidential design drawings.  Pelican Tank also knew that it could generate substantial revenues if it were able to capture all or some portion of Ultraflo's revenues from the sale of the copied valve.  Upon information and belief, Pelican Tank supported and encouraged Mueller in his efforts to obtain and share with Pelican Tank the proprietary information that would pave the way for Pelican Tank to capture Ultraflo's revenues.  As a trusted employee of Ultraflo, Mueller was under an obligation to maintain the confidentiality of Ultraflo's trade secrets.

15.    By his wrongful conduct, Mueller is not only misappropriating valuable trade secret information, but also, he along with Pelican Tank, is also engaging in unfair competition.  The Defendants have gained an unfair business advantage and have placed themselves in a position to divert significant business away from Ultraflo.

16.    The unauthorized activities by Mueller in retaining Ultraflo's confidential design drawings, and upon information and belief, the subsequent use of them by Pelican Tank, constitutes misappropriation of Ultraflo's valuable trade secrets. Defendants' acquisition of this information was wrongful and their continued use of this information provides sufficient grounds for this Court to award injunctive relief to prevent any further misuse.  Furthermore, Ultraflo is entitled to damages from these Defendants, jointly and severally, for unfair competition and misappropriation and/or theft of trade secrets.

C.    Civil Conspiracy

17.    Mueller and Pelican Tank have conspired with one another to deprive Ultraflo of its valuable rights and interests in its design drawings, to willingly misappropriate and exploit Ultraflo's confidential information and trade secrets and have entered into a conspiracy to harm Ultraflo and unlawfully profit from the theft and copying of confidential design drawings.  Defendants' conspiracy has

7

been the proximate cause of actual damages to Ultraflo in excess of the minimum jurisdictional limits of this Court for which it now sues.

D.    Exemplary Damages

18.    The conduct of Defendants, as alleged above, including conversion, unfair competition, theft of trade secrets and deliberate misuse of Ultraflo's proprietary assets, was aggravated by the kind of willfulness, wantonness and malice for which the law allows for the imposition of punitive damages.  Moreover, Defendants' wrongdoing was accomplished through a breach of confidence and trust and was committed knowingly and with a conscience indifference to Ultraflo's property rights.  Defendants acted with an intent to harm Ultraflo and their misconduct was intentional, willful, wanton and without justification or excuse.  Therefore, Ultraflo is entitled to recover exemplary damages from Defendants, jointly and severally, as provided by law.

E.    Application for Permanent Injunction

19.    Unless Mueller and Pelican Tank are enjoined from using or in any way selling any valves developed from Ultraflo's proprietary designs, Ultraflo will suffer irreparable harm, loss and damage in the form of lost profits, lost goodwill, and a significant decrease in business directly resulting from the acts of Defendants.  If Defendants are not ordered to refrain from disclosing or using any

8

of Ultraflo's confidential and proprietary design drawings or selling items generated therefrom and ordered to return the original and all copies of such information, Ultraflo will have no adequate remedy at law, due to the continuing nature of the damages and the extreme difficulty inherent in attempting to quantify the damages in monetary terms.

20.    The proprietary information Ultraflo believes to be in the Defendants' hands is so intrinsically valuable and confidential that its mere disclosure could substantially damage the future of Ultraflo in its highly competitive market.  The design drawings could be used by Defendants directly, or by any other competitor to whom this information is disclosed, to undercut Ultraflo's competitive advantages without others incurring the costs and research incurred by Ultraflo. The potential damage to Ultraflo's business by the disclosure of this information is incalculable and irreparable and would be substantial if a temporary injunction is not entered before Defendants have further opportunity to use any of the confidential and proprietary information obtained from Ultraflo or sell additional products generated from the design drawings.

21.    Therefore, Ultraflo respectfully requests that this Court grant a permanent injunction:

a.    enjoining Defendants from disclosing or utilizing for their own use or benefit any of Ultraflo's confidential and/or proprietary design drawings, including any further sales of any valves produced, generated or manufactured from Ultraflo's design drawings; and/or

b.    enjoining all Defendants from retaining possession of any of Ultraflo's confidential and/or proprietary design drawings, or any valves produced, generated or manufactured therefrom along with any component parts ordered for this purpose.

c.    to ensure Defendants do not benefit from their malfeasance, Defendants should also be enjoined from selling any valves compatible with valves sold by Ultraflo for a period of one year which is the estimated time it would take to design and produce such a valve to market.

F.    Request for Declaratory Relief

22.    Mueller has claimed a copyright ownership interest in the design drawings that are the subject of this suit claiming they belong to him as the author.  Mueller has also claimed the drawings were not a "work for hire" under the Copyright Act. Ultraflo obviously disagrees and believes the design drawings and the ideas embodied in the design drawings are the property of Ultraflo and not subject to any copyright interest of Mueller.

# V.
## Prayer

WHEREFORE, PREMISES CONSIDERED Ultraflo respectfully requests that:

a.   each of the Defendants be cited to appear and answer herein as required by law;

b.   a permanent injunction be entered upon final trial of this cause, permanently granting all injunctive relief requested herein;

c.   Ultraflo receive the declaratory relief requested herein;

d.   upon final trial, Ultraflo be granted of and from each of the Defendants, jointly and severally, for all other damages Ultraflo has suffered as a result of Defendants' wrongful conduct which Ultraflo believes should be any sales or profits Defendants have obtained as a result of its tortious conduct;

e.   Ultraflo be awarded its reasonable and necessary attorneys' fees incurred;

f.   Ultraflo be awarded exemplary damages against each of the Defendants in an amount to be determined by the trier of fact;

g.   Ultraflo be awarded prejudgment and post-judgment interest at the maximum legal rate;

h.   Ultraflo be awarded all costs of court; and

i.   Ultraflo be granted such other and further relief to which it may be entitled.

11

Respectfully submitted,

By:_____/s/___James M. McGraw
   James M. McGraw
   State Bar No.13653200
   Federal I.D. No. 4776
   1300 Post Oak Boulevard, Suite 2000
   Houston, Texas 77056
   (713) 986-7000
   (713) 986-7100 (Fax)
   jmcgraw@lrmlaw.com

ATTORNEY-IN-CHARGE FOR
ULTRAFLO CORPORATION

OF COUNSEL
LOOPER REED & MCGRAW
Travis Crabtree
State Bar No. 24015192
Federal I.D. No. 28015
tcrabtree@lrmlaw.com
Michael A. Ackal, III
State Bar No. 24045367
Federal I.D. No. 573925
mackal@lrmlaw.com

12