UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULTRAFLO CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-782 |
| | § | |
| PELICAN TANK PARTS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

In the case pending between Plaintiff Ultraflo Corporation ("Ultraflo") and Defendants Pelican Tank, Incorporated ("Pelican Tank"), Pelican Worldwide, Inc. ("Pelican Worldwide"), and Thomas Joseph Mueller ("Mueller"), the Court now orders, on its own motion, that the Plaintiff file an amended complaint and Defendants file a dispositive motion or answer to that amended complaint addressing the heretofore unaddressed issues of federal subject matter jurisdiction and the potential preemption of Ultraflo's state law causes of action by the federal Copyright Act.

Background and Alleged Relevant Facts

Plaintiff and Defendant Pelican Worldwide are manufacturers of butterfly valves used in the transportation industry. Doc. 66 at 2; Doc. 71 at 8. Defendant Mueller worked for Ultraflo for 13 years, during which time he assisted in the redesign and improvement of Ultraflo's Model 390 butterfly valve. Doc. 86 at 14; Doc 86-1 at 50. During his time working at Ultraflo, Mueller signed at least two employment agreements relating to workplace ethics including "conflict of interest" and confidentiality provisions. Doc. 86-1 at 59-107.

In the summer of 2005, Mueller left Ultraflo and began working at Pelican Worldwide, a

competing manufacturer of transportation butterfly valves. Doc. 86-1 at 5. Ultraflo alleges that Pelican Worldwide "hired Mueller . . . in an attempt to gain possession of Ultraflo's highly confidential design drawings and possibly other trade secrets." Doc. 66 at 4.

Ultraflo sued Defendants Mueller and Pelican Tank in state court alleging various state law claims, including conversion, civil conspiracy, unfair competition, and misappropriation of trade secrets. *Ultraflo Corp. v Pelican Tank Parts, Inc.*, No. 4:08-cv-1460 (S.D. Tex. 2008), Doc. 1-5 at 1. Defendants removed that case to the United States District Court for the Southern District of Texas on the basis of federal question jurisdiction, asserting that Plaintiff's state law claims were completely preempted by the Copyright Act, 17 U.S.C. § 101. No. 4:08-cv-1460. Judge Werlein found that Defendants' removal was untimely, declined to address the potential preemption of Plaintiff's state law claims, and remanded the case to the 280th Judicial District Court of Harris County, Texas. *Id.,* Doc. 21. Defendants filed a notice of appeal to the Fifth Circuit (No. 4:08-cv-1460, Doc. 24) which they subsequently withdrew. *Id.*, Doc. 25.

Before the case was resolved in state court, Defendant Mueller brought a declaratory judgment action in the United States District Court for the Eastern District of Texas, alleging that Ultraflo infringed copyrights that Mueller held to the technical drawings that Ultraflo claimed were its "trade secrets.". *Mueller v. Ultraflo Corp.*, No. 1:09-cv-160-MAC (E.D. Tex. 2009). Mueller and Pelican Tank also moved to dismiss the pending case in state court.

Ultraflo alleges that, out of "a desire to avoid costly procedural fights on two fronts," it did not respond to the motion to dismiss in state court. The state court subsequently dismissed the case before it. Mueller filed a voluntary notice of dismissal of his case in the Eastern District, which the court granted.

In March of 2009, Ultraflo brought this case against Defendants Pelican Tank and

Mueller in the Southern District of Texas, alleging the same state law causes of action it brought in its initial suit before Judge Werlein: conversion, unfair competition, misappropriation of trade secrets, and civil conspiracy. Doc. 1 at 6. Ultraflo also requested a declaratory judgment against Defendants Pelican Tank and Mueller, asserting that "Defendants have raised issues of federal copyright law and have asserted federal Copyright Act rights to assets that belong to Ultraflo." Doc. 1 at 2. It was on this final request that Ultraflo based its assertion of federal subject matter jurisdiction.

In October of 2010, Ultraflo filed an amended complaint in this case, adding Pelican Worldwide as a defendant and adding a state law claim of unfair competition by misappropriation against all defendants. Doc. 66. On April 18, 2011, the Defendants filed four separate motions for partial summary judgment. Docs. 70, 71, 73, 75.

Defendants contend that Ultraflo's claims are barred by the statute of limitations (Doc. 70), that the absence of any genuine issues of material fact supporting Ultraflo's claims of the existence of trade secrets precludes all of Ultraflo's state law causes of action against all defendants (Doc. 71), that the absence of any genuine issues of material fact on the issue of trade secrets precludes specifically Ultraflo's state law claims of conversion and civil conspiracy against all defendants (Doc. 73), and that Ultraflo has failed to introduce evidence in support of any of its causes of action against Defendant Pelican Tank, or any evidence in support of its request for damages against Defendant Mueller. Doc. 75.

In these motions, responses and, replies thereto, no party has addressed the unresolved issues of whether there is federal subject matter jurisdiction under the copyright law and whether any of the state law claims are preempted by federal copyright law.

Legal Standards

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, Section 1338(a) of the Judicial Code gives the district courts jurisdiction "over any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks." 28 U.S.C. § 1338(a). The term "arising under" is identical in both statutes, and courts use the same test to determine whether a statute "arises under § 1331 and §1338(a). *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 829, 122 S. Ct. 1889, 1893, 153 L. Ed. 2d 13 (2002).

A case arises under federal copyright law when the Plaintiff's complaint clearly establishes that the copyright law "creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent [or copyright] law." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). *See, e.g., Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (*per curiam*). Whether a case arises under federal law is determined on the basis of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Neither a defendant's answer nor counter-claim can create federal jurisdiction. *Holmes Group*, 535 U.S. at 831. Moreover, a plaintiff cannot establish jurisdiction in his complaint by anticipating a federal defense. *Louisville & Nashville RR. Co. v. Mottley*, 29 S.Ct. 42, 211 U.S. 149, 53 L.Ed. 126.

The well pleaded complaint rule reflects the traditional rule that the plaintiff is the master of his claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A plaintiff asserting claims that "arise under" federal law may choose to bring his complaint originally in the federal district court. Alternatively, a plaintiff may choose to bring his

claims in state court and, "[e]ven if the factual predicate underlying [the] plaintiff's complaint could have served as the basis for a federal claim, the plaintiff has the prerogative to forgo the federal claim and assert only state law claims in order to prevent removal." *Tavormina v. Evening Star Productions, Inc.*, 10 F.Supp.2d 729, 732 (S.D.Tex. 1998). The defendant may remove to federal district court, and the district court will have jurisdiction over the claims, "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 924, 139 L.Ed.2d 912 (1998). *See* 28 U.S.C. § 1441(a).

An "important corollary" exists when federal law completely preempts a plaintiff's state law claim and renders it necessarily federal in nature. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). *See Tavormina*, 10 F.Supp.2d at 732. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (citing *Franchise Tax Board*, 463 U.S. at 24). Copyright is one such area of complete preemption.

Federal courts have exclusive original jurisdiction over claims of copyright infringement (*see* 28 U.S.C. § 1338(a)) and the Federal Copyright Statute (17 U.S.C. § 101, *et seq.*) "completely preempts practically all state law causes of action falling within its scope." *Tavormina*, 10 F.Supp.2d at 733 (citing *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir.1995); *Gemcraft Homes, Inc. v. Sumurdy*, 688 F.Supp. 289 (E.D.Tex.1988) (federal exclusivity of a copyright claim is so strong that an unstated copyright claim preempts explicitly worded state law claim)). If any of the Plaintiff's claims are within the scope of the Copyright Act, those

claims would be preempted and, although they appear as state law claims, would be federal in nature and serve as a basis for federal jurisdiction.

The Declaratory Judgment Act, although it is a federal law, does not confer jurisdiction on the federal courts. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only."). When a plaintiff seeks relief in the form of declaratory judgment, there is no federal jurisdiction "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (quoting 10A Charles Alan Wright, *et. al*, Federal Practice and Procedure § 2767, at 744-745 (2d ed. 1983)); *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

To determine whether jurisdiction exists in a claim for a declaratory judgment initially filed in federal court, "the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 862 (11th Cir. 2008) (quoting *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992)). The court instead must determine whether the course of action anticipated by the declaratory judgment plaintiff arises under federal law. *Id.* A declaratory judgment action invokes federal question jurisdiction when "the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law." *Id.*

A claim arises under the federal Copyright Act "if and only if the complaint is for a remedy expressly granted by the Act," like a suit for infringement or to recoup royalties. *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 328 (2d Cir.1964) (Friendly, J.). *See Goodman v. Lee*, 815

F.2d 1030 (5th Cir. 1987). The plaintiff in *Harms* sought a declaratory judgment that he was the sole owner of renewal copyrights to songs. *Id.* "At issue was whether one of the defendants had previously assigned his interest in the copyrights to the plaintiff's agent, or whether the defendant had retained his interest and had later validly assigned it to a second defendant." *Kane v. Nace Intern.*, 117 F.Supp.2d 592 (S.D. Tex.2000) (citing *Harms*, 339 F.2d at 824-25). The plaintiff did not assert any claim of infringement and did not seek relief under the Copyright Act. *Id.* Because the case turned not on interpretation of the federal Copyright Law but merely on the Plaintiff's rights under an assignment, a question of state law, there was no federal jurisdiction. *Harms*, 339 F.2d at 828 ("The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough" to give rise to federal subject matter jurisdiction.).

While state law claims over *ownership* to a copyright as a matter of state law do not "arise under" the Copyright Act for the purposes of federal jurisdiction, the Fifth Circuit has recognized that claims requiring construction of the Copyright Act create jurisdiction when the actions are based on rights created in the Act. *Kane v. Nace Intern*, 117 F.Supp.2d at 596. *See Goodman*, 815 F.2d 1030 (federal jurisdiction existed when plaintiff claimed a right to be listed as the co-author of copyrighted material and receive proceeds as such). The court in *Goodman* distinguished between cases over "a contract, the subject of which was a copyright" for which no federal jurisdiction exists, and cases that "involve[] the validity of the copyright itself under the Copyright Act." *Goodman*, at 1032.

Discussion

1. Federal Subject Matter Jurisdiction

The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir.2008). In

evaluating jurisdiction, this Court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). Ultraflo asserts bases of jurisdiction under "Federal Rule of Civil Procedure 57, 28 U.S.C. §§ 2201, [] 1338 in that Defendants have claimed a copyright that does not belong to them under federal law." *Id.* at 3. Of the three sources of law (or procedural rules) listed, only Section 1338 contains a grant of jurisdiction to this Court.

Because Ultraflo raises the prospect of a federal issue in the context of an action for declaratory judgment, to establish federal jurisdiction it must "allege[] facts in a well-pleaded complaint which demonstrate that the defendant[s] could file a coercive action arising under federal law." *Weitzman*, 542 F.3d at 862. Ultraflo's allegations in its amended complaint (Doc. 66) that "Mueller claims a copyright interest in intellectual property and trade secrets that belong to Ultraflo . . . [or i]n the alternative, [that] Mueller claims copyrights to design drawings that are not copyrightable, but that embody Ultraflo's trade secrets that were stolen by Mueller" do not satisfy this standard.

To the extent that Ultraflo is claiming that the copyright to the design drawings at the heart of this case properly belong to it and were obtained by Mueller in violation of state law, and that Mueller may bring suit to establish this ownership, it is well settled that such claims do not "arise under" federal law. *See Eliscu*, 339 F.2d 823. If Ultraflo is alleging, instead, that the validity of the copyright itself is at issue, they may have a claim that "arises under" the Copyright Act (*see Goodman*, at 1032), but they have failed to identify the relevant provisions of the Copyright Act with sufficient specificity to assure this Court of the grounds of its subject matter jurisdiction. Before the Court can proceed to Ultraflo's state law claims, it must first establish that it has federal subject matter jurisdiction. Because Ultraflo's amended complaint

(Doc. 66) does not adequately allege the grounds for federal subject matter jurisdiction, Ultraflo must amend its complaint with a clear and definite statement of federal jurisdiction.

### 2. Preemption of Ultraflo's State Law Claims

Plaintiff and Defendants have not addressed the potential preemption of Ultraflo's state law claims for misappropriation of trade secrets, unfair competition by misappropriation, conversion, and civil conspiracy. In May, 2008, Defendants Pelican Tank and Mueller removed an earlier iteration of this case from state court asserting that Ultraflo's state law claims were preempted by the Copyright Act. *Ultraflo Corp. v Pelican Tank Parts, Inc.*, No. 4:08-cv-1460. Although Judge Werlein remanded the case to state court as untimely removed (*id.*, Doc. 21), he gave Ultraflo ample notice that its state law claims were likely completely preempted by the federal Copyright Act. *Id.*, Doc. 21 at 4.  Nevertheless, Ultraflo again pleads state law causes of action based on the Defendants' improper use of copyrightable subject matter.

A state law claim is preempted by the federal copyright law when it falls within the subject matter of copyright and when the state law cause of action protects rights that are "equivalent" to any of the exclusive rights protected by copyright. *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003). "A state-created right is equivalent to these rights 'if the mere act of reproduction, distribution, or display infringes it.'" *GlobeRanger Corp. v. Software AG*, No. 3:11–CV–0403–B, 2011 WL3586420, *2 (N.D.Tex Aug. 15, 2011) (quoting *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1990). A state law claim is equivalent to rights protected under the Copyright Act if it involves "elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act." *Daboub v. Gibbons*, 42 F.3d 285, 209 (5th Cir. 1995) (describing the "extra element" test).

Ultraflo brings state law claims for unfair competition by misappropriation, misappropriation of trade secrets, conversion, and civil conspiracy against the Defendants for their alleged misappropriation and use of Ultraflo's design drawings.

(a).  <u>Unfair Competition by Misappropriation</u>

"The elements of unfair competition by misappropriation are: (1) the creation by plaintiff of a product through extensive time, labor, skill, and money; (2) the use of that product by defendant in competition with plaintiff, thereby giving the defendant a special competitive advantage because he was burdened with little or none of the expense incurred by plaintiff in the creation of the product; and (3) commercial damage to plaintiff." *M–I LLC v. Stelly*, 733 F.Supp. 2d 759, 791 (S.D. Tex 2010) (quoting *Cable Elecs., Inc. v. N. Am. Cable Equip., Inc.*, No. :08-CV-0433-M, 2010 WL 1541504, at *3 (N.D.Tex. Apr. 15, 2010)). State law claims of unfair competition by misappropriation generally are preempted when the acts that form the basis of the claim "touch on interests clearly protected by the Copyright Act." *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 789 (5th Cir. 1999). See *M–I LLC v. Stelly*, 733 F.Supp.2d 759.

In *Alcatel*, a manufacturer of telephone network "switches" and switch operating software sued a competitor that had allegedly misappropriated the plaintiff's intellectual property by wrongfully obtaining schematics and manuals describing the switches and switch software. *Id.* The defendants allegedly used that information to develop a switch which they sold in competition with the plaintiff's product. *Id.*

The court noted that the elements of unfair competition by misappropriation are not "qualitatively different from those necessary to establish copyright infringement." *Id.* at 789. The state law elements of "extensive time, labor, skill, and money" expended in the creation of the product at issue "are [also] fundamental to the independent creation of a work, proof of which is

10 / 16

necessary under the Copyright Act." "[U]nder circumstances in which a work has been granted copyright protection . . . the time, labor, skill, and money expended by the author in creating the work are necessarily contemplated in that copyright." *Id.* Similarly, the state claim requires proof that the defendant used the product "in competition with" the plaintiff's product. "The owner of a copyright has a claim under federal law for the infringement of his exclusive rights to reproduce, adapt, distribute, perform, and display his works. Whether the infringing act touches on all of these rights or just one is irrelevant for the purposes of copyright law." *Id.* Because proof that the defendant used the product "in competition with" the plaintiff's product would be sufficient to state a claim under federal copyright law, this element does not make the state law claim qualitatively different from a Copyright Act claim. In the absence of any additional showing of a difference between the claims, the state law claim for unfair competition by misappropriation is preempted by the federal Copyright Act.

(b) <u>Misappropriation of Trade Secrets</u>

The elements of a claim for misappropriation of trade secrets under Texas law are "that (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009). "Texas'[] misappropriation claim is typical of trade secrets claims nationwide, which 'often are grounded upon a defendant's breach of duty of trust or confidence to the plaintiff through improper disclosure of confidential material.'" *M–I LLC v. Stelly*, 733 F.Supp 2d at 785 (quoting *Stromback v. New Line Cinema*, 384 F.3d 283, 303 (6th Cir. 2004) (internal citations omitted).

Because the state law misappropriation claim contains an additional element of a breach

of duty or trust that Copyright Act claims do not require, courts have found that this claim is not preempted by the Act. *See M–I LLC v. Stelly*, 733 F.Supp.2d at 785 ("[T]he additional element in trade secret misappropriation, which requires either a breach of confidential relationship or discovery by improper means regulates conduct qualitatively different from that regulated by federal copyright law.") (internal citation omitted); *Xpel Technologies Corp. v. American Filter Film*, 2008 WL 3540345, *6 (W.D.Tex. 2008) ("[O]ne of the elements of trade secrets misappropriation in Texas is qualitatively different from the elements of copyright infringement. That element is that the 'trade secret was acquired through a breach of a confidential relationship,'") (internal citations omitted); *Complete Pharmacy Resources, Ltd. v. Feltman*, No. 04:04-CV-3477, 2005 WL 1949540 (S.D.Tex. Aug. 12, 2005) ("this claim [of misappropriation of trade secrets] includes additional element(s) distinguishing it from a copyright infringement claim" because of the existence of the required element of breach of a duty of trust or confidence to the plaintiff by the defendant). As long as Ultraflo can demonstrate the existence of a confidential relationship, its state law claim for misappropriation of trade secrets will not be preempted.

(c). Conversion

The elements of conversion under Texas state law are that "(1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property." *M–I LLC v. Stelly*, 733 F.Supp.2d at 792 (citations omitted). Texas' conversion law concerns only physical property, not intangible intellectual property rights. *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003).

A claim of conversion of a tangible, physical object, is not preempted by the Copyright Act, which protects only intangible, copyrightable material. But to the extent that a plaintiff alleges conversion of intangible, copyrightable material, the claim is either "outside the scope of Texas conversion law" (*id.*) and therefore fails to state a claim under state law or, in the alternative, preempted by the Copyright Act. *See Daboub v. Gibbons*, 42 F.3d at 289 (finding that Plaintiffs' conversion claim relating to the lyrics of the song *Thunderbird*, performed and made famous by ZZ Top, was preempted as a claim to intangible material); *GlobeRanger Corp. v. Software AG*, 2011 WL 3586420 (finding that a conversion claim relating to computer software was preempted); *M–I LLC*, 733 F.Supp.2d at 792 (finding that plaintiff's conversion claim is preempted "to the extent that it covers tool drawings, designs, and other matter subject to copyright protection."). Ultraflo alleges a "conversion of [its] proprietary design drawings by Defendants." Doc. 66 at 6. Taken in the context of its complaint, it appears that Ultraflo bases its claim for conversion on the intangible intellectual property contained within those design drawings. *Id.* at 4 ("Pelican Tank's competing valve is *based on* Ultraflo's confidential and proprietary design drawing.") (emphasis added). Ultraflo does not specifically allege that the drawings on which Defendants rely in producing their competing butterfly valve are the same pieces of paper originally possessed by Ultraflo, but rather that the drawings depict a valve the design of which is Ultraflo's property. Such a claim is clearly one for conversion of intellectual property, and therefore preempted by the Copyright Act.

    (d). <u>Civil Conspiracy</u>

The elements of civil conspiracy in Texas are: (1) a combination of two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means); (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts;

and (5) damages as the proximate result. *Finserv Cas. Corp. v. Settlement Funding, LLC*, 724 F.Supp.2d 662, 674-76, 2010 WL 2757536, at *10 (S.D.Tex. July 13, 2010) (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex.1998)). Although civil conspiracy requires an element of knowledge and planning, other courts have held that this element does not make it qualitatively different from a claim under the Copyright Act. *See, e.g., M–I LLC v. Stelly*, 733 F.Supp.2d 759 ("[T]he conspiracy claim requires an element of knowledge and planning, but fails to add any qualitatively different conduct to the claim."); *Warren Sign Co., Inc. v. Piros Signs, Inc.*, 2010 WL 2802023, at *4 (E.D.Mo. July 15, 2010) ("'Because copyright law already recognizes the concepts of contributory infringement and vicarious copyright infringement concepts, which extend joint and several liability to those who participate in the copyright infringement, a civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted.'") (quoting *Irwin v. ZDF Enterprises GmbH*, 2006 WL 374960, at *4 (S.D.N.Y. Feb. 16, 2006)). In *M–I LLC*, Judge Ellison found that "the intent element of the conspiracy claim does not constitute qualitatively different conduct where the element of intent only goes to an intent to form an agreement to copy and use" copyrightable trade secrets and confidential information. 733 F.Supp.2d at 791. This Court agrees.

Conclusion

On the basis of its complaint, Ultraflo's state law claims for unfair competition by misappropriation, conversion, and civil conspiracy are not qualitatively different from federal claims under the Copyright Act and are therefore preempted. Ultraflo's claim of misappropriation of trade secrets depends on the existence of a confidential relationship, a distinct element, and therefore is not preempted.

The Court finds that resolution of the foregoing issues is necessary to proceed in this

case. Because of the absence of an adequate discussion of the copyright issues which form the basis of Ultraflo's request for a declaratory judgment, this Court cannot be assured of the basis of its jurisdiction. Further, it appears that most of Ultraflo's state law causes of action are preempted by the Federal Copyright Act.[1] Accordingly, it is hereby

**ORDERED** that Plaintiff Ultraflo Corporation file an amended complaint, within 15 days, addressing the issues raised in this Opinion and Order.  The amended complaint must adequately describe the alleged basis for this Court's subject matter jurisdiction and re-allege its causes of action, avoiding allegations of state law claims that are clearly preempted by federal law.  Plaintiff Ultraflo Corporation **may** also file on the same day a brief setting forth any legal arguments it may have that the law as expressed in this Opinion and Order is incorrect.  It is further

**ORDERED** that Defendants Pelican Tank Parts, Incorporated, Pelican Worldwide, Inc., and Thomas Joseph Mueller file a dispositive motion or answer within 20 days of the filing of Ultraflo's amended complaint.  Defendants **may** also file on the same day a brief responding to the issues raised in this Opinion and Order to Ultraflo's brief.  It is further

**ORDERED** that because Defendants' Motions for Partial Summary Judgment (Docs. 70, 71, 73, 75) address the issues raised in Plaintiff's amended complaint and do not address the foregoing issues, they are **DENIED** as premature. Defendants may re-urge these motions after the Court is assured of its subject matter jurisdiction and the nature of the complaint before it.

---

[1] If the original grounds for jurisdiction alleged in Ultraflo's complaint–a declaratory judgment against potential Copyright Act lawsuits brought by the Defendants–fails, Ultraflo's purported state law claims may form a basis for jurisdiction if Ultraflo repleads them as federal claims under the Copyright Act. This Court currently cannot determine whether Ultraflo can state a claim under the Copyright Act.

SIGNED at Houston, Texas, this 18th day of October, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE