UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULTRAFLO CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-782 |
| | § | |
| PELICAN TANK PARTS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendants Pelican Tank Parts, Inc., Pelican Worldwide, Inc., and Thomas J. Mueller's motion to dismiss Plaintiff Ultraflo Corporation's amended complaint. Doc. 122. In response to the Court's request (Doc. 116), both parties have submitted memoranda addressing the questions of whether federal subject matter jurisdiction exists over Plaintiff's state-law claims and whether Plaintiff's claims for unfair competition by misappropriation, conversion, and civil conspiracy are preempted by the federal Copyright Act. Docs. 119, 124. Defendants have also filed a motion to sever into separate lawsuits Plaintiff's claims against the corporate Defendants and Plaintiff's claims against Defendant Mueller. Doc. 128.

After considering the motions, the background of this case, and the applicable law, the Court finds that the Court has jurisdiction to consider Plaintiff's claims, but that Plaintiff's state law claims for unfair competition by misappropriation and conversion, and civil conspiracy for these alleged acts are preempted by the federal Copyright Act and must be dismissed. Ultraflo retains its remaining claims for misappropriation of trade secrets, for civil conspiracy for the alleged misappropriation, and for a declaratory judgment. Further, the Court finds that

Defendants' motion to sever or for bifurcated trials should be denied.

Background

The Court set forth the factual history of this case in its opinion and order of October 18, 2011. Doc. 116 at 1-3. In that order, the Court found that Ultraflo did "not adequately allege the grounds for federal subject matter jurisdiction" and ordered it to file an amended complaint addressing the validity of federal subject matter jurisdiction premised on the existence "of a federal issue in the context of an action for declaratory judgment." *Id.* at 8. The Court also, acting on its own motion, addressed "the potential preemption of Ultraflo's state law claims for misappropriation of trade secrets, unfair competition by misappropriation, conversion, and civil conspiracy," and, having found that the latter three claims were preempted by the federal Copyright Act, ordered Plaintiff to "re-allege its causes of action, avoiding allegations of state law claims that are clearly preempted by federal law." *Id.* at 9, 15.

On November 2, 2011, Ultraflo filed its second amended complaint (Doc. 118) and memorandum of law (Doc. 119). Ultraflo re-asserted its state law claims for misappropriation of trade secrets, unfair competition by misappropriation, conversion, and civil conspiracy. Doc. 118 at 6-7. Ultraflo also re-asserted its request for a declaratory judgment that Mueller's copyright in the contested valve drawings either is invalid or that the drawings were "works made for hire" and that the copyright therefore rightfully belongs to Ultraflo. *Id.* at 10.

Defendants filed a motion to dismiss (Doc. 122), their second amended answer (Doc. 123), the requested memorandum concerning federal subject matter jurisdiction (Doc. 124), and a motion to sever the case against the corporate Defendants from that against Defendant Mueller (Doc. 128). The motions have been fully briefed and now are ripe for consideration.

Analysis

### a. Plaintiff's Preempted State Law Claims

Despite the Court's admonition that Ultraflo should file an amended complaint that "avoid[s] allegations of state law claims that are clearly preempted by federal law" (Doc. 116), Ultraflo has re-alleged its claims for unfair competition by misappropriation, conversion, and civil conspiracy. Doc. 118. It nevertheless contends that these claims are not preempted because of an apparently subtle distinction between the many cases holding such claims to be preempted and the case now before the Court.

Ultraflo relies on the "distinction between a useful article and a drawing of a useful article" in an attempt to revive its preempted state law claims. Doc. 119 at 3. "[T]he exclusive rights afforded to copyright owner under 17 U.S.C. § 106 apply only to the drawing, not to the article shown in the drawing," Ultraflo contends, and therefore Ultraflo's claim to stop "the use of those drawings to make useful articles" is distinct from and not preempted by the federal law. *Id.* at 2, 9. The Court finds the distinction unavailing. Ultraflo is not asserting state law claims based on the loss of the physical drawings themselves, nor the valves, but rather from the loss of the intellectual property contained in graphic representations of the valves and the valve dimensions. That intellectual property is subject to the federal Copyright Act. The Court stands by the reasoning in its earlier opinion and order and finds that Ultraflo's state law claims of unfair competition by misappropriation and conversion are preempted and therefore dismissed. Similarly, Ultraflo's claim for civil conspiracy is preempted to the extent that it alleges a conspiracy to engage in unfair competition by misappropriation and conversion; it is not preempted as to Ultraflo's claim that the corporate Defendants conspired with Mueller, during his employ with Ultraflo, to engage in the unlawful conduct of misappropriation of trade secrets.

b. Ultraflo's Claim for Misappropriation of Trade Secrets

As the Court laid out in its previous opinion and order, the elements of a claim for misappropriation of trade secrets under Texas law are "that (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009). Here, Defendants argue that no trade secret existed for the contested valve because Ultraflo's valve was "publicly available to the world and [could] be purchased by anyone." Doc. 122 at 16.

"A trade secret is any formula, pattern, device or compilation of information used in one's business, and which gives an opportunity to obtain an advantage over competitors who do not know or use it." *Taco Cabana Intern., Inc. v. Two Pesos, Inc.*, 932 F.2d 1113 (5th Cir. 1991) (citing *Hyde Corp. v. Huffines*, 158 Tex. 566, 586, 314 S.W.2d 763, 776 (adopting RESTATEMENT OF TORTS § 757 (1939)), cert. denied, 358 U.S. 898, 79 S.Ct. 223, 3 L.Ed.2d 148 (1958)).[1] *See also* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 (1995). "Matters which are completely disclosed by the goods which one markets cannot be his secret." RESTATEMENT OF TORTS § 757 cmt. b. And while "[t]he theoretical ability of others to ascertain the information through proper means [like difficult, costly, or time-consuming examination of a publicly available product] does not necessarily preclude protection as a trade secret," "information readily ascertainable from an examination of a product on public sale or display is not a trade secret." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt. f. Thus, whether a publicly sold object may contain trade secret information turns on how available that information is from

---

[1] Although the Restatement has been superseded by the Restatement (Second) and, in part, by sections of the Restatement (Third), the updated versions omit the sections on Unfair Competition and Trade Regulation, including Section 757. *See* RESTATEMENT (SECOND) OF TORTS 9 intro. note (1979). Texas courts continue to rely on the § 757 definition of "trade secret" contained in the Restatement (First) and in the more recent Restatement (Third) of Unfair Competition § 39 cmt. d (1995). *See In re Union Pacific R. Co.*, 294 S.W.3d 589, 592 (Tex. 2009).

an examination of the product.

Defendants contend that "a pleading or public record that admits that the alleged 'trade secret' is a design that is publicly available is one that fails as a matter of law." Doc. 122 at 18 (emph. omitted). Because Ultraflo has asserted a secret in its "non-patented butterfly valves publicly sold by Plaintiff . . . which any person can buy off-the-shelf and observe," Defendants claim that Ultraflo cannot state a claim for misappropriation of trade secrets. That position is an overstatement of the requirement for secrecy. Whether the alleged secret is "readily available" is not the same question as whether it is "publicly available." The comment to the Restatement (Third) of Unfair Competition makes clear that the relevant inquiry is into the difficulty a Defendant must undertake to obtain the information. As an illustration of the principle, the Institute gives the following example:

> "A manufactures heavy-duty centrifugal blowers. Drawings containing dimensions and specifications for components of the blowers are taken without authorization by B, a former employee of A, and used to manufacture a competing product. Although the approximate dimensions and specifications of A's products can be determined by measuring blowers sold by A on the open market, the evidence establishes that the information resulting from such measurements would be less accurate than the drawings taken by B and less valuable in manufacturing competing products. The acquisition of information as accurate as that contained in the drawings taken by B would require a statistical analysis of measurements taken from a large number of A's blowers. The court may properly conclude that the information contained in the drawings is not readily ascertainable by proper means and is thus sufficiently secret to be protected as a trade secret. B is thus subject to liability to A for the appropriation of A's trade secrets under the rules stated in § 40."
>
> RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt. f, illus. 5.

The similarity between that example and the circumstances alleged in this case is striking. Ultraflo has alleged that "Pelican Tank's competing valve . . . matches Ultraflo's drawings better than Ultraflo's own valve matches the drawings,"[2] suggesting that even a statistical analysis of

---

[2] Doc. 118 at 3.

the publicly available valve would fail to give the Defendants the information they sought to obtain. The Court cannot, therefore, determine on the basis of the fact that Ultraflo sold its valve on the open market that it forfeited the secrecy of the valve's dimensions as contained in its drawings.

Defendants also encourage the Court to delve into deposition testimony in which Ultraflo representatives admit that Mueller "was not subject to any confidential relationships" with Ultraflo. Doc. 122 at 21. The Court finds it sufficient at the motion to dismiss stage that Ultraflo has alleged the existence of "at least two separate documents promising to keep Ultraflo information secret" that Mueller signed during or as a condition of his employment. Doc. 130 at 19. Defendants' motion to dismiss Ultraflo's claim for misappropriation of trade secrets therefore is denied.

### c. Declaratory Judgment

Although Defendants contested the validity of federal subject matter jurisdiction based on Ultraflo's request for relief under the Declaratory Judgment Act (Doc. 124), they have not moved to dismiss this aspect of Ultraflo's complaint. *See* Doc. 122. Nevertheless, Ultraflo again has failed to cite to the relevant provisions of the Copyright Act on which it challenges the validity or ownership of Mueller's copyright. *See* Doc. 116 at 8 ("If Ultraflo is alleging . . . that the validity of the copyright itself is at issue, they may have a claim that "arises under the Copyright Act . . . but they have failed to identify the relevant provisions of the Copyright Act."). The Court therefore orders Ultraflo to file a supplement to its second amended complaint stating, with particularity, the relevant provisions of the Copyright Act which give rise to their claim of ownership to Mueller's copyright (their "work for hire" argument) and those portions of the Copyright Act which grant this Court the authority to invalidate or transfer ownership of that

copyright.

Currently, Ultraflo makes general assertions that "Muller's assorted valve drawings are not original to Mueller," and that they do not "demonstrate the necessary modicum of original authorship and creativity over and above Ultraflo's preexisting drawings to warrant copyright protection." Doc. 118 at 10. Ultraflo then states that the drawings are "'works made for hire' under the Copyright Act that belong to Ultraflo." *Id.* The process of litigation would be eased by direct citations to those portions of the Copyright Act, if any, that require originality, that set forth the grounds (such as lack of originality) on which a copyright can be challenged and invalidated, and that determine ownership of original works produced "for hire."

d. Defendants' Motion to Sever Defendants or Bifurcate Trial

Defendants have moved for severance of the corporate Defendants from individual Defendant Mueller on the grounds that Ultraflo's case against the Defendants involves different legal theories or that the corporate Defendants would be prejudiced or inconvenienced if the trial included Ultraflo's claims against them and its request for a declaratory judgment relating to Mueller's copyright. Doc. 128. All the claims in this case arise out of the same set of transactions and occurrences, and certain facts are common to all claims. The Court sees no reason to continue to prolong what already has been a lengthy and convoluted pre-trial experience. Defendants' motion therefore is denied.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's second amended complaint (Doc. 122) is **GRANTED** with respect to Plaintiff's state law claims for unfair competition by misappropriation, conversion, and conspiracy to commit these acts and **DENIED** with respect to

Plaintiff' claim for misappropriation of trade secrets and conspiracy to commit this act. Further, the Court

**ORDERS** that Defendants' motion to sever or to bifurcate (Doc. 128) is **DENIED**. Finally, as the Court previously mentioned, Plaintiff shall file a supplement to its second amended complaint specifying the portions of the Copyright Act relevant to its Declaratory Judgment Act claims.

SIGNED at Houston, Texas, this 7th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE