## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ULTRAFLO CORPORATION,** | § | |
| | § | |
| **Complainant** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:09-CV-782** |
| **PELICAN TANK PARTS, INC.,** | § | |
| **PELICAN WORLDWIDE, INC., and** | § | |
| **THOMAS JOSEPH MUELLER** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FRCP 8, FRCP 12(b)(6), & FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)

Defendants Pelican Tank Parts, Inc., ("PELICAN TANK") Thomas Joseph Mueller ("MUELLER") and Pelican Worldwide, Inc. ("PELICAN WORLDWIDE") (collectively, "DEFENDANTS") file this motion to dismiss plaintiff Ultraflo Corporation's ("Plaintiff") third amended complaint and causes of action for trade secret misappropriation, civil conspiracy, and copyright infringement under FRCP 12(b)(6) and FRCP 8. A motion for judgment on the pleadings is also made pursuant to FRCP12(c).

### I. INTRODUCTION

For the reasons set forth in this motion, Defendants argue that in its rush to re-plead to create subject matter jurisdiction, Plaintiff both changed the factual basis of its lawsuit (claiming newfound trade secrets and damages theories) while failing to state plausible claims recognized by law for its new copyright infringement claim so that dismissals of its causes of action are proper under either of FRCP 8, FRCP 12(b)6, or FRCP 12(c). Defendants file this motion to

dismiss those newly asserted claims as they are asserted in the 3rd Amended Complaint (Court Doc.#169).

## II. FACTS

On September 7, 2012 (Court Doc. #160) the court dismissed Plaintiff's state law claims for unfair competition by misappropriation, conversion, and civil conspiracy as being preempted by the federal Copyright Act.  Plaintiff filed a motion for leave to file a third amended complaint on October 10, 2012 (Court Doc. #162, #162-1).  Defendants filed a response in opposition Plaintiff's motion for leave on October 30, 2012 (Court Doc. #164).  Plaintiff filed a reply to Defendants' response on October 31, 2012 (Court Doc. #165).  Defendants filed a rejoinder to Plaintiff's reply on October 31, 2012 (Court Doc. #167).  The court granted Plaintiff's motion for leave on November 14, 2012 (Court Doc. #168) reopening discovery until January 31, 2013.  Plaintiff's third amended complaint (Court Doc. #169) was filed on November 14, 2012.

## III. ARGUMENTS & AUTHORITIES

Defendants assert the following arguments for why the court should dismiss the Plaintiff's lawsuit.

**A.  Plaintiff's Causes of Action Should Be Dismissed Under FRCP 12(b)(6) for Failing to State a Claim, Under FRCP 8 for Failing to Plead a Proper Claim for Relief, or Judgment Should Be Rendered on the Pleadings under FRCP 12(c) because of the Absence of Plausible Claims in Plaintiff's Amended Complaint**

The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible and above mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007); *Jones v. Bock*, 127 S.Ct.910, 920-21 (2007); FRCP 12(b)(6).  Under Federal Rule 12(c), a judgment may be had on the pleadings for similar reasons.  *See Guidry v. American Pub. Life*

*Ins.Co*., 512 F3d 177,180 (5th Cir.2007)("The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss").

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted.  FRCP 12(b)(6); *see M-I L.L.C. v. Chad Lee Stelly et al.,* 733 F.Supp.2d 759, (S.D. Tex. 2010). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted).

When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir.2004); *see also Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir.2007) .  A district court can consider the content of the

pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir.2000) . Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.,* 212 F.3d 595, 595 (5th Cir.2000).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal,* 129 S.Ct. at 1950 (citation omitted). But the court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir.2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir.2004)).

Under FRCP 8, the Court can also dismiss a claim where a Plaintiff fails to state a plausible claim for relief under the law. *See Ashcroft v. Iqbal,* 129 S.Ct.1937, 1949-50 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement…To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face… The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully….[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions , are not entitled to the assumption of truth."); *see also Bell Atlantic Corp v. Twombly,* 550 U.S.544, 555 (2007)

("…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….").

In this case, Plaintiff alleges causes of action for misappropriation of trade secrets, civil conspiracy, exemplary damages, and copyright infringement.  Plaintiff's complaint does not show a right to relief that is plausible and above mere speculation under any of the facts of the case, as plead, or when one considers the public record underlying the dispute.

1.  **Copyright Infringement: Dismissal is Proper under FRCP 8 for lack of a plausible claim, under FRCP 12(c), or under FRCP 12(b)(6) Because Plaintiff has failed to State a Claim**

The court should dismiss the Plaintiff's claims for copyright infringement according to FRCP 12(c), FRCP 8, or FRCP 12(b)(6) for failure to state a plausible claim under law, according to the public record, or the facts.  In order to establish copyright infringement, a plaintiff must prove "ownership of a valid copyright and copying of constituent elements of the work that are copyrightable." *See Eng'g Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1340 (5th Cir.1994) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1999)).  Copyright ownership is shown by: (1) proof of originality and copyrightability, and (2) compliance with the applicable statutory requirements. *See Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 407–408 (5th Cir.2004). A plaintiff complies with statutory formalities of copyright registration by submitting a complete application for registration, fee, and deposit to the Copyright Office.  *Geoscan, Inc. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000).  Section 411(a) of the Copyright Act requires that a copyright in a work be registered before a copyright owner brings a suit for infringement of that copyright.  17 U.S.C. § 411(a).  The Fifth Circuit "requires only that the Copyright Office

actually receive the application, deposit, and fee before a plaintiff files an infringement action," unlike other circuits that require a plaintiff to actually obtain a certificate from the Copyright Office before bringing suit. *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d at 365. However, while a plaintiff may file a complaint, it is not clear that Plaintiff has a right to *maintain* a cause of action on the Court's docket and proceed to trial prior to a registration. It certainly is in conflict with the plain language of the statue which says: "(a) Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), **no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been <u>made</u> in accordance with this title**." The Court appears to be within its rights to dismiss the complaint because the Plaintiff has not complied with the statute.

Moreover, as plead, Plaintiff's copyright infringement allegation clearly does not state any factual allegations whatsoever concerning the elements of infringement, or what the alleged elements are that are copywritten. *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. at 361 (1999). Nor does Plaintiff give reference in its amended complaint to any particular (1) copyright registration, or (2) application for registration (including a deposit and fee) that Defendants have allegedly copied.

In particular, Plaintiff's third amended complaint only states "Ultraflo owns the copyright in the drawings **<u>that are the subject of this suit and has registered the same</u>**." (Court Doc. #169, p. 6, ¶ 19) (emphasis added). As such, Plaintiff does not identify in its complaint the particular drawings it is claiming were infringed by Defendants. In fact, Plaintiff's blanket statement regarding drawings that are "subject of this suit" does not provide any factual allegations showing that any right to relief is even plausible. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555-56, 570 (2007).  Plaintiff's statement is confusing because the drawings that are "subject of this suit" have always been and still are claimed by Plaintiff as its ***trade secret*** drawings.  Such illogical claim is further demonstrated in Plaintiff's third amended complaint where Plaintiff erroneously claims its alleged copyrighted drawings as "Ultraflo's **proprietary copyrighted designs**."  (Court Doc. #169, p. 7, ¶ 23) (emphasis added).

Plaintiff's allegation is odd inasmuch it is a legal impossibility because a valve drawing cannot simultaneously be copyrighted and a trade secret.  The copyright office is a public forum. Drawings filed with the copyright office are not "proprietary" since they are a matter of public record.  If Plaintiff is claiming copyright infringement for the drawings that are "subject of this suit," then there can be no trade secret misappropriation of these drawings under the law. Likewise, if Plaintiff is claiming trade secret misappropriation for the drawings that are "subject of this suit," then there can be no copyright infringement and Plaintiff's amended complaint does not provide any grounds for entitlement to relief.

As such, Plaintiff has not supplied any factual content that would allow the court to draw the reasonable inference that Defendant are liable for copyright infringement as alleged.  *Bell Atl. Corp. v. Twombly, 550 U.S. at 556, 127 S.Ct. 1955.*

      **2.**      **<u>Trade Secret Misappropriation</u>: Dismissal is Proper under FRCP 8, 12(b)(6), or 12(c) Because Under Texas Law, a Trade Secret Cannot Exist for the Physical Dimensions of an Item in the Public Domain that can be Purchased off the Shelf**

Plaintiff cannot claim as a "trade secret" any designs, or three-dimensional objects (like butterfly valves) that the pleadings and public record clearly demonstrate are publicly available to the world and can be purchased by anyone.  Plaintiff's reticence to consistently plead or disclose what it considers its trade secret is no accident, but is calculated in the hope that it can

somehow make it to a jury and unleash a chest of vagaries and clichés about copying and general unfairness on a jury.[1]  But, Plaintiff simply has not set forth the essential elements necessary to state a claim upon which relief can be granted, namely, that any legally cognizable "trade secret" property has been misappropriated.  *Id*.  Trade secret misappropriation in Texas requires that the plaintiff actually own a trade secret.  *See IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 197 (Tex.App. – Fort Worth 2005, no pet.)("[t]o prove an action for trade-secret misappropriation, the plaintiff must establish it owned a trade secret").

Under Texas law, the elements of misappropriation of trade secrets are: (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff. *CQ, Inc. v. TXU Mining Co.,* 565 F.3d 268, 273 (5th Cir.2009) (quoting *Gaia Techs. Inc. v. Recycled Prods. Corp.,* 175 F.3d 365, 376 (5th Cir.1999)).  A trade secret is defined as a "'formula, pattern, device or compilation of information used in a business, which gives the owner an opportunity to obtain an advantage over his competitors who do not know or use it.' " *Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 261 (5th Cir.2007)(quoting *Taco Cabana Int'l v. Two Pesos, Inc.,* 932 F.2d 1113, 1123 (5th Cir.1991)); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); *Hyde Corp. v. Huffines*, 314 S.W.2d 763, 776 (Tex. 1958).

---

[1] It was not the Defendants' understanding that when the Plaintiff was permitted an opportunity to replead to add a claim for copyright infringement, that it would be permitted to change the entire subject matter of the case to include newfound trade secrets, new damages theories or other alleged rights never previously disclosed.  To the extent Plaintiff now seeks to change its "trade secrets" from very specific valve drawings litigated for years to something never previously disclosed, such subject matter should be barred under FRCP 26(a), 26(e) and as a sanction under FRCP 37(c) because the entire case to date, including discovery, expert opinions, and trial preparation has been based on claims of trade secrets being identified as very specific drawings related to a type of butterfly valve.  The prejudice to Defendants occasioned to such a change is significant and if permitted, and certainly warrants additional discovery to Defendants if allowed.

The key part of the definition of trade secret is secrecy. *Luccous v. J. C. Kinley Co*., 376 S.W.2d 336, 338 (Tex. 1964); *Wissman v. Boucher*, 240 S.W.2d 278, 280 (Tex. 1951); *Stewart & Stevenson Serv., Inc. v. Serv-Tech, Inc*., 879 S.W.2d 89, 98 (Tex. App--Houston [14th Dist.] 1994, writ denied); *Gonzales v. Zamora*, 791 S.W.2d 258, 264 (Tex. App.--Corpus Christi 1990, no writ). The word "secret" implies that the information is not generally known or readily available by independent investigation. *Zamora*, 791 S.W.2d at 264; *Richardson & Assoc., Inc*., 718 S.W.2d at 837. The procedure or device may be based on a previously existing idea in the industry and still be entitled to protection, so long as the procedure or device is not generally known. *K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv*., 314 S.W.2d 782, 785 (Tex. 1958); *H. E. Butt Grocery Co. v. Moody's Quality Meats*, 951 S.W.2d 33, 35 (Tex. App. Corpus Christi 1997).

A pleading or public record that <u>admits</u> that the alleged "trade secret" is a design that is publicly available is one that fails as a matter of law under FRCP 12(b)(6) or 12(c). *See Wissman v. Boucher*, 150 Tex. 326, 330 (Tex. 1951)("…pole is based on familiar mechanical means and principles that are quite obvious to and easy to imitate by any reasonably experienced machinist that might see one for the first time or purchase it on the open market. Under these latter circumstances, the exposure of the device to the public by advertisement or sale definitely operates to destroy any legal protection the claimed originator might otherwise assert on the basis of a trade secret.").

As even the U.S. Supreme Court has stated:

[t]he owner of a trade secret is not entitled to prevent others from using **public information** to replicate his product, nor may the owner prevent others from making similar products which are not derived from the trade secret.

*Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476, 94 S.Ct. 1879, 1883 (1974) (emphasis added); *see also Bonito Boats, Inc., v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 164, 109 S.Ct. 971, 982 (1989) *citing Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 863(1982) ("**[w]here an item in general circulation is unprotected by patent, '[r]eproduction of a functional attribute is legitimate competitive activity**")(emphasis added).  No cause of action for breach of confidence can accrue to the owner of an alleged trade secret by reason of the use or publication of such secret by another, after the owner has revealed his secret to the public by the sale of articles incorporating the secret.  *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 150 F. Supp. 143, 159 (D. Tex. 1956), affd 259 F. 2d 398 (5th Cir. 1958).  The [products] are not trade secrets because they have been released into the public domain. "'Matters of general knowledge in an industry cannot be appropriated by one as his secret.'" *Wissman v. Boucher*, 240 S.W.2d 278, 280 (Tex. 1951)(quoting Restatement, Torts, ch. 36, p.7)). "Clearly, if an article that is a trade secret becomes known to the community, it loses its status as a trade secret." *Leonard v. State*, 767 S.W.2d 171, 175 (Tex. App. Dallas 1988).  "The bell, once rung, cannot be unrung.  Once in the public domain, the trade secret must remain in the public domain."  *McClain v. State*, 269 S.W.3d 191, 197 (Tex. App. Texarkana 2008); *see also Kewanee v. Bicron*, 416 U.S. 470, 484 (1974)("By definition a trade secret has not been placed in the public domain."); *McClain v. State* at 197) ("Although the [products] may be difficult to find due to their age and obsolete status, the [products]--once having become public knowledge-- remain public knowledge.").

In the instant case, public records, and the Plaintiff's own pleadings undeniably assert that they are seeking to claim a trade secret for designs of non-patented *butterfly valves* publicly sold by Plaintiff, and which any person can buy off-the-shelf and observe.  *See Inwood*

*Laboratories, Inc. v. Ives Laboratories, Inc.* at 863.  The Plaintiff's Third Amended Complaint ((Court Doc. #169, p.5, ¶15), complains: "Pelican Defendants also knew that it could generate substantial revenues if it were able to capture all or some portion of Ultraflo's revenues *from the sale of the copied valve*."  In other words, Plaintiff complains of copying of a valve line that it sells to the public.

Plaintiff is not complaining about a valve burglary, so it is clear that at page 3, ¶9 Plaintiff is really complaining about sales of a *butterfly valve* similar to a butterfly valve line openly sold to the public by Plaintiff: "…the Pelican Tank Defendants began selling a *valve similar to Ultraflo's valve*."  Plaintiff is upset that Defendants allegedly took:  "…Ultraflo's design of one of the series of Ultraflo valves."  Plaintiff is truly complaining because Pelican Worldwide is competing with Plaintiff in a crowded industry.  Not only are such claims an abhorrent use of the courts to restrain legitimate competition, but these pleadings clearly contradict the law of what can be a trade secret as announced in the above referenced *Wissman v. Boucher, Leonard v. State, Kewanee v. Bicron, Inwood Laboratories, Inc. v. Ives Laboratories, Inc.* line of cases.

In considering a FRCP 12(b)(6) challenge, the Court is free to look to the public record when deciding a motion to dismiss.  *Chauhan v. Formosa Plastics Corp.,* 212 F.3d 595, 595 (5th Cir.2000).  Along this vein, and consistent with cases like *Inwood Laboratories,* there is no prohibition on copying non-patented and publicly available items or products.[2]  In Court Doc.#68, para 22, Ultraflo's Answer to Counterclaims, Plaintiff even admits: "Ultraflo admits it has no patents related to the valves forming the basis of this lawsuit…"  Likewise, the public record, including the documents of record filed in this lawsuit, proves that Plaintiff's Series 390 butterfly valve and related designs now claimed as trade secrets have been in the public domain

---

[2] *See also Wissman v. Boucher,* 150 Tex. 326, 330 (Tex. 1951).

since the early 1990's.  (Court Doc.#48, p. 48, ll. 14-15)("Plaintiff's counsel admitting, "we've been selling the 390 series since early '90s through predecessor owners and entities").  The public record also demonstrates that the 390 Series butterfly valve has been made publicly available through advertisements.  (Court Doc.#71-41, Ex. VV, Prod. Doc. PEL000151-154) (Printable brochures of Plaintiff's 390 Series butterfly valve located on Plaintiff's website demonstrating that its 390 Series butterfly valves cannot as a matter of law be a trade secret); (Court Doc.#71-1, Decl. of John K. Buche).  And it is this same Series 390 butterfly valve that Plaintiff claims as being the valve involving trade secrets.  (Court Doc.#48, p. 48, ll. 9-10) (Plaintiff's counsel admitting, "For the sake of the Court, it's the 390 series that is in dispute").

A variety of documents are also of public record because they have been attached and filed with the Court in Defendants' Renewed Motion for Partial Summary Judgment regarding the absence of trade secrets (Court Doc. #140).   Among these are statements, which are admissions by Plaintiff that third party competitor Sure Seal, Inc. held copies of Plaintiff's alleged "trade secret" drawings, and that the alleged party to have misappropriated alleged trade secrets was not subject to any confidential relationships.  Specifically, Plaintiff has admitted that defendant Mueller was never required to sign a covenant not to compete, any confidentiality agreements, non-disclosure agreements, or work-for-hire agreements, which fact was admitted by Ultraflo's 30(b)(6) corporate representative, Mike Lurk.  *See* Court Doc.#71-4, Ex. B (Lurk Depo. at 68:5-69:10).

### 3.   Civil Conspiracy:  Dismissal is Proper under FRCP 8 for lack of a plausible claim, under FRCP 12(c), or under FRCP 12(b)(6) Because Plaintiff has failed to State a Claim

The court should dismiss the Plaintiff's claims for civil conspiracy according to FRCP 12(c), FRCP 8, or FRCP 12(b)(6) for failure to state a plausible claim under law, according to the

public record, or the facts.  The elements of civil conspiracy in Texas are: (1) a combination of two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means); (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Finserv Cas. Corp. v. Settlement Funding, LLC,* 724 F.Supp.2d 662, 674-76, 2010 WL 2757536, at *10 (S.D.Tex. July 13, 2010) (citing *Ins. Co. of N. Am. v. Morris,* 981 S.W.2d 667, 675 (Tex.1998)).

As re-plead, Plaintiff's conspiracy allegation clearly does not state any factual allegations whatsoever concerning the elements of conspiracy.  *Id.*  Plaintiff only states in its amended complaint that "Pelican and Mueller have conspired together."  (Court Doc. #169, p. 5, ¶ 17). Thus, Plaintiff has not alleged any allegations that can even be assumed as true to "raise a right to relief above the speculative level." *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007).

In addition, Plaintiff's conspiracy allegation clearly does not state any form of claim with respect to Defendant Mueller and the Pelican Defendants as a matter of law because a corporation cannot conspire with its employees because the acts of a corporation's agents are deemed to be the acts of the corporation itself.  *Fotjik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 673 (Tex. App. -- Corpus Christi 1988), *writ denied per curiam*, 775 S.W.2d 632 (Tex. 1989); *see also Nelson Radio & Supply Co. v. Motorola, Inc*., 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953); *see also Elliott v. Tilton*, 89 F.3d 260, 265 (5th Cir. 1996) (noting that under Texas law "a corporation or other company cannot conspire with itself, no matter how many of its agents participate in the complained of action").  As indicated in Plaintiff's recent complaint at ¶8 (Court Doc.#118): "The Pelican Tank Defendants are competitors of Ultraflo who, upon information and belief, hired Mueller as an employee, agent or representative…"  Thus, Plaintiff's third amended complaint states a legal impossibility.

Under the law of corporations, a corporation is a person, and acts through its agents and employees.  A company cannot conspire with itself.

In addition, a "'civil conspiracy requires specific intent' to agree 'to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Juhl v. Airington,* 936 S.W.2d 640, 644 (Tex.1996)(quoting *Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 719 (Tex.1995)).  A Court may refer to matters of public record when deciding a motion to dismiss.  *Chauhan v. Formosa Plastics Corp.,* 212 F.3d 595, 595 (5th Cir.2000).  A variety of matters have been referenced in the public record now concerning the lack of trade secrets and the lack of conspiracy, including but limited to: (Court Doc. #140, MSJ of No Trade Secrets). Without belaboring the court on every document cited in the briefs, and that are matters of public record, Defendants would point out that a conspiracy requires a meeting of the mind to do something unlawful—or in this case take some form of property legitimately belonging to Plaintiff.  As pointed out above, Plaintiff ignores the fact that of the three sheets of drawings it now claims as trade secret, **two of the sheets** were actually created **after** Mueller's resignation from Ultraflo.  (Court Doc. #140-017, Ex. R, Prod. Doc. ULTRAFLOW0094-0096).  So, it is impossible for Defendants to have "conspired" to misappropriate these two drawings, or any others, unless of course Plaintiff is now making a claim that it was burglarized by Defendants after Mueller's resignation.

Toward the absence of any bona fide trade secret, or other property right, Plaintiff also ignores the fact that its general manager Mike Lurk admits that no confidential relationship exists with any third party to whom Ultraflo disseminated its 390 valve drawings—destroying any claim for trade secrets contained in the drawings or the right to exclusive possession of such

drawings.  Court Doc. #71, Ex. B (Lurk Depo, pp. 25:5-28:24; pp. 30:24-31:16; pp. 33:14-34:9; pp. 173:4-176:19).

As such, the public record demonstrates that Plaintiff has no specific facts to show it has a property right for Defendants to conspire to take from Plaintiff.  Nor has Plaintiff supplied any factual content that would allow the court to draw the reasonable inference that Defendant are liable for the misconduct alleged.  *Bell Atl. Corp. v. Twombly, 550 U.S. at 556, 127 S.Ct. 1955.*

## IV.  CONCLUSION

For the reasons stated herein, Defendants request that the court dismiss with prejudice the causes of action by Plaintiff for trade secret misappropriation, civil conspiracy, and copyright infringement.   Defendants seek such dismissals, including of the attendant requests for injunctions and exemplary damages under FRCP 12(b)(6), FRCP 8, and pursuant to FRCP12(c) as a judgment on the pleadings.

Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

__/s/_*John K. Buche*_____
John K. Buche
State Bar No. 24012352
Scott D. Compton
State Bar No. 24032088
6363 Woodway, Suite 820
Houston, Texas 77098
Tel:  713-401-9451 (Compton)
Tel:  713-589-2214
Fax:  713-583-9644

ATTORNEYS FOR PELICAN TANK PARTS, INC., PELICAN WORLDWIDE, AND THOMAS JOSEPH MUELLER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing:

**DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FRCP 8, FRCP 12(b)(6), & FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)**

was:

    ___    Mailed via certified mail, return receipt requested; #_____
    __    Mailed regular U.S. mail;
    ___    Sent via facsimile; and/or
    ___    Delivered via courier service
    ___    Delivered email PDF;
    _X__    Uploaded via ECF

To the following opposing counsel on November 28, 2012

        James M. McGraw
        LOOPER, REED & McGRAW
        1300 Post Oak Blvd, Suite 2000
        Houston, Texas  77056

                        __/s/_*John K. Buche*_____
                        John K. Buche


## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed the filling of this motion on email with Travis Crabtree and determined it was opposed.

                        __/s/_*John K. Buche*_____
                        John K. Buche