```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

ULTRAFLO CORPORATION,          §
                               §
          Plaintiff,           §
                               §
VS.                            §   CIVIL ACTION H-09-0782
                               §
PELICAN TANK PARTS, INC.,      §
PELICAN WORLDWIDE INCORPORATED,§
and THOMAS JOSEPH MUELLER,     §
                               §
          Defendants.          §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are Plaintiff Ultraflo Corporation's ("Ultraflo's") objections to specific summary judgment evidence (#144) that was submitted in support of Defendants Pelican Worldwide, Inc. ("Worldwide"), Pelican Tank Parts, Inc., and Thomas Joseph Mueller's renewed motion for partial summary judgment (instrument # 138).

**Relevant Law**

Evidence submitted in support of a motion for summary judgment must be based on personal knowledge, properly authenticated, and admissible under Federal Rules of Evidence. Fed. R. Civ. P. 56(e). Federal Rule of Evidence 901 requires "evidence sufficient to support a finding that the matter in question is what the proponent claims it is." *See Hill v. City of Houston*, 235 F.3d 1339 (Table), (5th Cir. 2000), *citing U.S. v. Biggins*, 551 F.2d 64 (5th Cir. 1977).

Moreover, the evidence must be relevant under Federal Rule of Evidence 401:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Specifically Ultraflo objects to the evidence as follows. Exhibit B, Ultraflo's Inspection Report, has not been properly authenticated by a fact witness and Defendants lack personal knowledge that it is what they claim it is. Exhibit R, an advertisement, is hearsay under Fed. R. Evid. 801 because the witness offering it, Defendants' counsel John K. Buche, lacks personal knowledge as required by Federal Rule of Evidence 602. Exhibit S, purportedly a Worldwide brochure, is inadmissible because the offering party lacks personal knowledge and because it contains hearsay. Exhibit I, the President of Worldwide Garth E. Belue's Declaration, is inadmissible hearsay and Mr. Belue has no personal knowledge about the matters it addresses. Exhibit K, corporate articles, should be stricken because the fact and duration of Worldwide's existence is not relevant, it does not establish when Worldwide began manufacturing selling gaskets and tank parts, and Defendants misstate the evidence it presents. Exhibit Q is also misleading and irrelevant because Defendants misstate the evidence, it does not indicate that Ultraflo was aware that the valve at issue came from Worldwide rather than any other Pelican entity, and an email states about it, "I couldn't make out

anything from it." Finally Exhibit G, a settlement communication, is inadmissible under Federal Rule of Evidence 408.

In response Defendants point out that Exhibit B, the inspection report was produced by Ultraflo in this action, bears Ultraflo's Bates numbers demonstrating that production, and supported by Buche's declaration that it is "a true and correct copy of an internal report from Ultraflo from August 3, 2007 which studied a Pelican 190 valve labeled 'Pelican Worldwide, Inc.'" The Court notes that Documents produced by a party in discovery are deemed authentic when offered by the party-opponent. *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988); *Orr v. Bank of America*, 285 F.3d 764, 777 n.20 (9th Cir. 2002); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991).  The Court concludes that it is admissible.

Defendants respond to the challenge to Exhibit R, a copy of the advertisement displayed by Worldwide at the 2006 Cargo Tank Maintenance Seminar and Exhibit Show in Nashville, Tennessee, that President Belue's declaration (Exhibit I), referenced in Buche's declaration, supports it and shows his personal knowledge of it. Moreover, it is not hearsay because it is not offered for the truth of any matter asserted in the advertisement, but as evidence that the valve was distributed in 2006.  The declaration of Belue, who attended the show and witnessed Worldwide's display of the Series 190 butterfly valve, stated that the advertisement was "handed out

to attendees of the exhibit show" and that the advertisement prominently displayed the 190 butterfly valve at the top center and the name Pelican Worldwide Inc. and its trademarks. The Court finds Exhibit R is admissible.

Defendants defend the challenge to Exhibit S, the brochure relating to Worldwide's Series 190 and 200 butterfly valves, which is also referenced in Belue's declaration. Belue states that the brochure was on display at Worldwide's booth and that Ultraflo's General Manager Mike Lurk and Mike Nicolson spent 20-30 minutes at the booth observing the products and the literature on display and speaking with Pelican representatives, but without objecting to the butterfly valve. Moreover, the brochure was not offered for the truth of any matter in it, but as tangential evidence of the dates when it was distributed in 2006. Defendants also invoke Federal Rule of Evidence 904(b)(1),[1] and point out as indicia of authenticity that the brochure is in color and bears the logos of the companies and in some cases the website URLs from which they were taken so the documents' internal patters and appearances support their authenticity. Again, the Court finds Defendants' explanation reasonable and overrules Plaintiff's objection.

---

[1] Federal Rule of Evidence 901(b)(4) permits the authenticity requirement to be satisfied by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."

Although Plaintiff argues that Belue's declaration (Exhibit I) does not show personal knowledge. Defendants disagree and so does the Court. Belue explains his relationship to the parties, where he was, how he had personal knowledge of the facts stated in the declaration, and identifies those who represented Plaintiff at the Worldwide trade show booth in 2006. The Court agrees and finds that Belue's declaration is admissible.

Defendants argue that the corporate articles (Exhibit K, 138-12, showing Worldwide's existence since 2004, available on the Texas Secretary of State's website) is relevant and that Ultraflo's objection goes to weight rather than admissibility of the exhibit. Defendants urge that it demonstrates Ultraflo's lack of diligence in investigating the proper defendants of the suit. Given the "known or should have known" phrase of the statute of limitations, it also indicates that Worldwide, also at www.pelicanworldwide.com, was not concealing its identity or whereabouts. The Court agrees and also notes that the Texas Secretary of State's stamp on the document evidences that it is a publicly recorded document and thus is self-authenticating under Rule 901(7). The Court overrules Ultraflo's objection to Exhibit K.

Exhibit Q is comprised of emails on March 20, 2007 between Ultraflo's Chuck Herrington and Mike Lurk referencing the brochure (Ex. S) and Ultraflo's awareness of Worldwide. The Court agrees it is relevant to the statute of limitations issue and admissible.

Finally, regarding Exhibit R, communications about settlement negotiations, Defendants state that it is not offered to prove the validity or amount of the disputed claim, but to rebut Plaintiff's fabrication of discovery abuse because Ultraflo argues that defense counsel was obstructing the case.  It is offered to show that counsel acted in good faith to settle the case and not with a motive to conceal the names of Defendants which Plaintiff already knew.  It is also offered to prevent defense counsel from being the scapegoat for Plaintiff's failure to sue the correct party, whom Ultraflo knew from its internal investigations and from websites that published that Worldwide sold the butterfly valves in question.  The Court finds that Exhibit R is admissible to defend against allegations of obstruction by Ultraflo and time bar.

Accordingly, for the reasons stated, the Court

ORDERS that Ultraflo's objections to summary judgment evidence (#144) are OVERRULED.

**SIGNED** at Houston, Texas, this  24th  day of  January , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE