```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

ULTRAFLO CORPORATION,           §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-09-0782
                                §
PELICAN TANK PARTS, INC.,       §
PELICAN WORLDWIDE INCORPORATED, §
and THOMAS JOSEPH MUELLER,      §
                                §
          Defendants.           §
```

**OPINION AND ORDER**

The above referenced action, asserting misappropriation of trade secrets, civil conspiracy, and copyright infringement, was tried to a jury from January 14-28, 2014 and was closed on March 28, 2014 by a final judgment (instrument #293) that both parties take nothing since neither side prevailed. Pending before the Court is Plaintiff Ultraflo Corporation's renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or, alternatively, motion for new trial under Federal Rule of Civil Procedure 59 (instrument #294).

**Standards of Review**

After a party has been fully heard in a jury trial, at the close of evidence but before the case is submitted to the jury Federal Rule of Civil Procedure 50(a) permits a court to grant a motion for judgment as a matter of law if it "finds that a

-1-

reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). *Kevin M. Ehringer Enterprises, Inc. v. McData Services Corp.*, 646 F.3d 321, 324 (5th Cir. 2011), *citing Travelers Cas. & Sur. Co. of Am. v. Ernst & Young, LLP*, 542 F.3d 475, 481 (5th Cir. 2008), and *Foradori v. Harris*, 523 G.3f 477, 485 (5th Cir. 2008). "The district court properly grants a motion for judgment as a matter of law only if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 n.9 (5th Cir. 3001). The court considers all the evidence, not merely that which supports the nonmovant's case, "but in the light and with all reasonable inferences most favorable to the party opposed to the motion.'" *Gomez v. St. Jude Medical Daig Div., Inc.*, 442 F.3d 919, 927 (5th Cir. 2006), *citing Info. Communication Corp. v. Unisys Corp.*, 181 F.3d 629, 633 (5th Cir. 1999). In deciding such a motion, the court "'may not make credibility determinations or weigh the evidence.'" *Kevin M. Ehringer*, 646 F.3d at 325, *quoting Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

Federal Rule of Civil Procedure 50(b) allows a court to review its earlier denial of such a motion as a matter of law if the movant again raises the motion after a jury verdict. *Kevin M. Ehringer*, 646 F.3d at 324-25, *citing Downey v. Strain*, 510 F.3d 534, 543 (5th Cir. 2007). A motion for judgment as a matter of law

after a jury verdict has been returned "'is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.'" *Heck v. Triche*, ___ F.3d ___, No. 14-30146, 2014 WL 7335023, at *5 (5th Cir. Dec. 23, 2014), *quoting Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). The Fifth Circuit's "standard of review with respect to a jury verdict is especially deferential." *Brown v. Bryan County, OK.*, 219 F.3d 450, 456 (5th Cir. 2000). "'A jury verdict must be upheld unless there is no legally sufficient basis for a reasonable jury to find as the jury did.'" *Heck*, 2014 WL 7335,023, at *5, *quoting Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). The court must draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmovant. *Id., citing Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001). Because a Rule 50(b) motion "is technically only a renewal of the [Rule 50(a) motion for judgment as a matter of law, a/k/a a motion for a directed verdict] . . . it cannot assert a ground that was not included in the [original] motion for directed verdict." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 173 (5th Cir. 1985), *quoted for that proposition, In re Isbell Records, Inc.*, ___ F.3d ___, Nos. 13-40878 and 14-40545, 2014 WL 72108778, at *5 (5th Cir. Dec. 18, 2014), *citing Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 247 (5th Cir. 2005)("If a party fails to raise an issue in its Rule 50(a)(1) motion at trial, it may not do so in its post-trial Rule

50(b) motion."), and 9B Charles Alan Wright & Arthur K. Miller, *Federal Practice and Procedure* § 2537 (3d ed.)("[T]he district court only can grant the Rule 50(b) motion on the grounds advanced in the preverdict motion, because the former is conceived of as only a renewal of the latter.").

In relevant part, Rule 59 ("New Trial; Altering or Amending a Judgment"), provides,

> **(a) In General.**
>   **(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>     **(A)** after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .
>             . . . .
> **(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment.

Federal Rule of Civil Procedure 59(a)(1)(A) gives the district court the sound discretion whether to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The district court "should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998), *quoted in Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir. 2002). Rule 59 permits a court in its discretion to grant a new trial "based on its appraisal of the fairness of the trial and the reliability of the jury's verdict . . . if the court finds

that the trial was unfair or marred by prejudicial error." *Grace v. Board of Trustees for State Colleges and Universities*, 8 F.3d 25 (not designated for publication), No. 92-9528, 1993 WL 456407, at *7 (5th Cir. Oct. 29, 1993)(*citing Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)("A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.")(and cases cited therein)), *cert. denied*, 510 U.S. 1195 (1994). "If the trial judge is not satisfied with the verdict of a jury, he has the right--and indeed the duty--to set the verdict aside and order a new trial." *Smith v. Transworld*, 773 F.2d at 613. The court may grant a new trial under Rule 59 "'where it is necessary to prevent an injustice.'" *In re Isbell Records, Inc.*, __ F.3d ___, Nos. 13-40878 and 14-40545, 2014 WL 7210778, at *10 (5th Cir. Dec. 18, 2014). The Fifth Circuit's standard of review of a jury verdict is "'especially deferential.'" *Heck v. Triche*, 2014 WL 7335023, at *5, *quoting Flowers v. S. Reg'l Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). It "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Truvia v. Connick*, 577 Fed. Appx. 317, 327

(5th Cir. Aug. 8, 2014), *quoting Waltman v, Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).[1]  In 11 *Federal Practice and Procedure* § 2810.1, at pp. 124-27 (West 2d ed. 1995), Wright and Miller identify four grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law of fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) to prevent manifest injustice, including misconduct of counsel; and (4) an intervening change in controlling law.  Motions for amendment or alteration of judgment under Rule 59(e) include motions for reconsideration. *See. e.g., Mitchell v. Sikorsky Aircraft*, 533 Fed. Appx. 354, 357 (5th Cir. March 5, 2013); *see also citing* 11 C. Wright &  A. Miller, *Federal Practice and Proc.* § 2810.1 at 122 (West 2d ed. 1995).  Nevertheless, while Rule 59(e) allows a court to alter or amend a judgment, the Rule may not be employed to relitigate old matters or raise arguments or present evidence that could have been raised prior to entry of judgment. *Truvia v. Connick*, 577 Fed. Appx. at 327*, citing Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)(*citing* 11 C. Wright &  A. Miller, *Federal Practice and Proc.* § 2810.1 at 127-28 (2d ed. 1995).  "'[A] Rule 59(e) motion is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"  *Id.,*

---

[1] Because of this narrow purpose, typically Rule 59(e) motions are denied.  11 C. Wright and A. Miller, *Federal Practice and Proc.* § 2810.1, at p. 128 (West 2d ed. 1995).

*quoting Templet v. HydroChem Inc.*, 367 F.3d at 479. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. The district court has substantial discretion to grant or deny a motion for reconsideration, keeping in mind that it must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin v. Banning Co.*, 6 F.3d 350, 353, 355 (5th Cir. 1993).

### Defendants' Procedural Challenge

A threshold issue here is whether Rules 50 and 59 are the appropriate procedural vehicles to overturn a two-year-old pretrial order on a motion to dismiss, instead of identifying an inappropriate action at trial on the part of the Court or the jury that was legally in error or manifestly unfair.

As noted, a Rule 50 motion for judgment as a matter of law is to be used to challenge the legal sufficiency of evidence supporting a **verdict** or a legal bar to a **verdict** that is contrary to law.[2] Defendants Pelican Worldwide, Inc. ("Worldwide") and Thomas Joseph Mueller ("Mueller") argue that instead of asserting an erroneous verdict or a proper ground for a new trial, Ultraflo's

---

[2] Defendants maintain that the proper purpose of a motion for new trial under Rule 50 is to demonstrate that the verdict was against the great weight of evidence or that there was some manifest error at trial. They emphasize that Ultrasound is not complaining about the verdict or how it was legally incorrect as a matter of law, nor about a trial error.

motion is simply an effort to reverse the Court's decision (#160), made two years before Ultraflo's motion, that Ultraflo's claim for unfair competition by misappropriation was preempted by the Copyright Act.  They further note that Ultraflo did not plead a cause of action for unfair competition in its third amended complaint (#169) at the time of trial.  Moreover it is uncertain that Ultraflo's renewed motion for judgment as a matter of law regarding preemption of the unfair competition by misappropriation claim is properly and timely brought under Rule 50(b), since Ultraflo failed to request that relief in a prior Rule 50(a) before the return of the jury verdict.

Ultraflo responds that although it did not raise the preemption issue in a Rule 50(a) motion for judgment as a matter of law, the broad language of Rule 59 states, "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Ultraflo cites cases in which a court has re-examined the granting of pretrial partial summary judgments, construing a motion to be one to alter or amend a judgment under Rule 59(e). *See Frankl v. Netopia, Inc.*, 2008 WL 4826023, at *1 (N.D. Tex. Nov. 4, 2008)(construing the court's ruling on a pretrial motion for partial summary judgment, "rather than the outcome of a jury trial or nonjury trial," as a motion to alter or amend a judgment under Rule 59(e)); *Gray v.*

*Burke*, No. 05 C 59, 2007 WL 2688447, at *2 (N.D. Ill. Sept. 11, 2007)(same; "'Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.'")(*quoting St. Mary's Hosp. Med. Ctr. v. Heckler*, 753 F.2d 469, 474 (7th Cir. 1980)(in turn quoting 9 *Moore's Federal Practice* ¶ 204.12[1], at 4-67 (2d ed. 1980)), and *citing in accord*, *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

The Court agrees with Defendants that Rule 50(b) is not the appropriate vehicle to challenge the Court's pretrial dismissal of Ultrasound's claim for unfair competition by misappropriation as preempted by the Copyright Act.  Not only does Ultraflo's motion not relate to the jury verdict, but the claim was not raised in Rule 50(a) motion before the jury verdict was submitted. Nevertheless, for reasons stated above, the Court may and does construe it as a motion for new trial and to alter or amend judgment, in essence as a motion for reconsideration, under Rule 59.

### Substantive Challenges in #294

Ultraflo asserts two grounds for its motion for new trial and/or to alter or amend judgment: (1) the Court erred in dismissing Ultraflo's unfair competition by misappropriation based on preemption by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et*

*seq.*[3]; and (2) additionally, or alternatively, Ultraflo should be granted a new trial because the jury[4] erred in finding Defendants not liable on Ultraflo's claims for misappropriation of trade secrets and copyright infringement.

Regarding the first ground, the Court's purported error in #160, Ultraflo argues that Ultraflo's claim does not fall within the subject matter of copyright because (1) its valves are not protectable by copyrights because they are "useful" articles under 17 U.S.C. § 101, and thus Ultraflo's unfair competition by misappropriation claim cannot be preempted by copyright law; and (2) Texas' unfair competition by misappropriation claim has an additional element not found in the Copyright Act, i.e., breach of a confidential relationship or discovery by improper means.

Observing that the valve is a useful article, but that the technical drawings are not because they are created to convey information about the appearance of the article and thus do not meet the requirement of § 101, #236 at p. 75, the Court previously addressed this "useful" article argument in #160 at p. 3 and at length in #236 at pp. 72-82. In the latter document the Court, employing the "extra element" test, indicated as well why this cause of action protected rights that are equivalent to the copyright owner's exclusive right to copy and reproduce and to use

---

[3] See #160, Opinion and Order, entered on September 7, 2012.

[4] #279.

the technical drawings.  #236 at pp. 76-82.[5]  As noted,"'[A] Rule 59(e) motion is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"  *Truvia*, 577 Fed. Appx. at 327, *quoting Templet v. HydroChem Inc.*, 367 F.3d at 479.  Ultraflo's contentions clearly fall into this category.

Additionally or alternatively, Ultraflo seeks a new trial on the grounds that the jury's verdict was against the great weight of evidence relating to Ultraflo's claims for misappropriation of trade secrets and copyright infringement.  The Court responds that Ultraflo fails to show that the evidence preponderates against the verdict on these two claims.  In their memorandum in opposition (#295) to Ultraflo's motion, Defendants cite substantial evidence supporting the jury's finding of no trade secret and no copyright infringement.

Accordingly, the Court

ORDERS that Ultraflo's renewed motion for judgment as a matter

---

[5] As argued in Defendants' memorandum in opposition, #295 at p. 18, no federal or Texas state court has held there is an extra element of a breach of confidential relationship for a claim of unfair competition by misappropriation claim.  Instead, breach of confidential relationship is an element for trade secret misappropriation.  *Alcatel v. DGI Technologies*, 166 F.3d  772, 785-86 (5th Cir. 1999)(state law claim for unfair competition was preempted by the Copyright Act); #116 at p. 11; *M-I LLC v. Stelly*, 733 F. Supp. at 772, 778, 785-87.  Ultraflo did not plead a claim for unfair competition through a breach of fiduciary duty apart from trade secrets.

of law under Federal Rule of Civil Procedure 50(b) or, alternatively, motion for new trial under Federal Rule of Civil Procedure 59 (#294) is DENIED.

**SIGNED** at Houston, Texas, this  22nd  day of  January , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE